UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIÓN FENOSA GAS, S.A.<br><br>    Plaintiff,<br><br>    v.<br><br>ARAB REPUBLIC OF EGYPT; THE BANK OF NEW YORK MELLON CORPORATION AND THE BANK OF NEW YORK MELLON SA/NV, LUXEMBOURG BRANCH,<br><br>    Defendants. | Civ. No. 20-CV-9160-GBD |

### NON-PARTY MOHAMED ABDEL RAOUF BAHGAT'S MOTION TO INTERVENE AND APPLY TO UNSEAL DOCUMENTS

Non-party Mohamed Abdel Raouf Bahgat (the "Proposed Intervenor") respectfully requests this Court to enter an Order:

(i) Permitting him to intervene in this matter pursuant to Fed. R. Civ. P. 24(b) in order to apply to unseal the Complaint and its two exhibits (the "Sealed Complaint"), or alternatively, otherwise to allow him to apply to unseal the Sealed Documents; and

(ii) Unsealing the Sealed Complaint or, in the alternative, allowing the Proposed Intervenor to examine the unsealed Complaint and its exhibits and to use them in any manner consistent with the protection of his legal rights as a creditor of Defendant the Arab Republic of Egypt ("Egypt").

The background of this matter relevant to the Proposed Intervenor's Motion and the legal basis for the Motion are set out more fully in its accompanying Memorandum of Law and Declaration of Mark Beckett.

Plaintiff Unión Fenosa Gas, S.A. ("UFG") is (or was at the time of the initiation of this action) a creditor of Egypt. It brought this case in November 2020 to void a contract it alleged Egypt and the Bank of New York Mellon ("BNYM") entered to shield Egypt's assets from an impending attachment action by UFG.

In 2020 Egypt issued two series of sovereign bonds (the "Notes"), one of which matures in 2040 and remains outstanding. Egypt hired BNYM as the "fiscal agent" for the bonds pursuant to a Fiscal Agency Agreement dated April 29, 2010. That agreement is part of the Sealed Complaint and all descriptions of it in the public version of the Complaint have been redacted. Nonetheless, its general thrust is that BNYM, as fiscal agent for Egypt, was responsible for paying the interest and principal on the Notes to the noteholders and repaying any unclaimed funds to Egypt.

UFG obtained an international arbitration award against Egypt and initiated enforcement proceedings in England, where the award was reduced to an English judgment. In connection with that proceeding UFG made an application pursuant to 28 U.S.C. §1782 in this District in Case No. 1:20-mc-171-PKC seeking documents concerning the bonds and BNYM's role. After extended proceedings, including a motion by BNYM to quash the subpoena, BNYM was ordered to produce documents. It produced the Fiscal Agency Agreement, and a document called the First Supplemental Agency Agreement, dated June 26, 2020, modifying the Fiscal Agency Agreement.

The First Supplemental Agency Agreement is also part of the Sealed Complaint and any extended references to it have been similarly redacted. Although the Proposed Intervenor cannot

review the terms of the new agreement, the general circumstances of the defendants' entry into this agreement and the UFG's conclusions after reviewing it are striking. As UFG observed, the First Supplemental Agency was entered just three days after the court in the Companion Case ordered production of documents regarding BNYM's role in the 2040 Notes. UFG alleged that the circumstances and substance of the new agreement demonstrated it was intended to eliminate Egypt's ownership interests in any funds it transferred to BNYM in connection with the Notes to shield them from attachment by UFG. It sought to void the First Supplemental Agency Agreement under New York law.

As more fully described in the Memorandum of Law, the Sealing Order entered by the Court on November 6, 2020 (ECF 7) permitted the submission of a redacted Complaint on the public docket and sealed the original complaint and its exhibits.

The exhibits to the complaint are entirely under seal and the public version of the Complaint is extensively redacted. Any descriptions of or quotations from the Fiscal Agency Agreement or the First Supplemental Agency Agreement, consisting of 110 lines of text appearing in over 20 paragraphs, have been expurgated. The Sealing Order makes it impossible for the public, including the Proposed Intervenor, to understand the agreements on which the Complaint is based, the core allegations of the Complaint, and the mechanism by which UFG alleged defendants had entered a voidable transaction designed to elude creditors.

The Proposed Intervenor is also a creditor of Egypt. Like UFG, he also obtained an international arbitration award against Egypt and is enforcing it in national courts, in his case, at present, in the Netherland, France, Belgium and the United States. Defendants entered the First Supplemental Agency Agreement after the issuance of enforcement orders in two of the European jurisdictions and after the service of the summons and complaint in the U.S. action under the Hague

Service Convention. If the First Supplemental Agency Agreement is a voidable transaction as to UFG, so is it a voidable transaction as to the Proposed Intervenor.

The U.S. Court of Appeals for the Second Circuit has ruled that intervention pursuant to Rule 24(b) is the proper method by which a non-party may challenge a sealing or protective order. As noted above, the Proposed Intervenor and the Plaintiff are in precisely the same legal posture, and the legal and factual issues are identical.  Both are creditors of Egypt (both based on arbitration awards), and the impugned transaction causes the same harm to the Proposed Intervenor as it does to Plaintiff.

Because the purpose of the intervention is narrow and the unsealing application cannot delay the resolution of the dispute, which the parties voluntarily dismissed, the motion to intervene should be granted and the Court should hear the unsealing application.

The Court should unseal the Sealed Complaint. The Sealing Order was provisional and extended only for 30 days after the service of BNYM or further order.  (ECF 7.)  As BNYM was served three days after the Sealing Order was entered, on November 9, 2020 (ECF 8), the Sealing Order expired by its own terms on December 11, 2020.  It appears no application was made to extend it and it was not renewed.

The Sealed Complaint should also be unsealed because it is a "judicial document," highly relevant to the performance of the judicial function, and therefore entitled to a strong presumption of access.  The Complaint, as the entrance pass to the court system and the roadmap of the plaintiff's case, is the quintessential judicial document.

There are no countervailing factors that would militate against this presumption because the Fiscal Agency Agreement is referred to at length in the prospectus for the 2040 Notes, is available for inspection by the noteholders, and is a generic transactional document that is neither

proprietary nor confidential.  As to the last-minute amendment, either the First Supplemental Agency Agreement is simply a technical modification of the Fiscal Agency Agreement and therefore no different from it for purposes of this analysis, or it amounts to an unlawful creditor avoidance stratagem as to which there can be no legitimate argument against disclosure.

Even if the Sealed Complaint were not a judicial document (which it manifestly is), any presumption against varying the Sealing Order should not apply here, where there was no reliance, and were any claim of reliance would be unreasonable.  As noted above, the agreements are not confidential and the Sealing Order has expired.  More importantly, the Protective Order in the Section 1782 case that was the basis for UFG's sealing application was entered only after BYNM was ordered to produce the agreements.  UFG was not induced by the Protective Order or the Sealing Order to produce the documents.  BNYM, therefore, has no valid reliance interest in the Sealing Order that the Court must protect.

Accordingly, Bahgat asks that the Court (1) grant it status as an intervenor for purposes of the unsealing application and (2) grant Bahgat's application to unseal the Sealed Documents, based on his status as intervenor or otherwise.

Dated:  July 2, 2021

Respectfully submitted,

/s/ Mark Beckett

Mark Beckett
BECKETT LAW LLC
45 Rockefeller Plaza
New York, NY   10111
Telephone:  212-332-3239
mark@beckettlaw.co

*Counsel for Proposed Intervenor and Applicant*

2

2